IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GAIL THOMPSON-IVORY**, <br><br> Plaintiff, <br><br> v. <br><br> **CITY OF PORTLAND and MARIANNA KANWIT**, <br><br> Defendants. | Case No. 3:17-cv-1804-SI <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

Gail Thompson-Ivory brings various claims against the City of Portland and Marianna Kanwit ("Defendants") relating to Plaintiff's employment, and termination from employment, with the City of Portland. Defendants move to dismiss the second, third, fifth, sixth, and twelfth[1] claims for relief in Plaintiff's Amended Complaint ("Complaint"), or, in the alternative, for an order requiring Plaintiff to make these claims more definite and certain.

---

[1] It is not entirely clear whether Defendants' motion includes Plaintiff's twelfth claim for relief. Because Defendants mention Plaintiff's twelfth claim at least once in their motion, the Court construes Defendant's motion as being against that claim in addition to claims two, three, five, and six.

PAGE 1 – ORDER

Defendants first argue that, for each of these claims, Plaintiff fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure by not alleging what specific facts or conduct Plaintiff relies upon to support each claim. "Federal Rule of Civil Procedure 8(a)(2) requires that the allegations in the complaint 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Lehman v. Nelson*, 862 F.3d 1203, 1211 (9th Cir. 2017) (quoting *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006)).

Plaintiff's Complaint contains a detailed factual background, followed by, for the claims that Defendants move to dismiss, formulaic assertions of Plaintiff's claims for relief. This is not an uncommon method of drafting a Complaint. Defendants have cited no authority supporting the proposition that Plaintiff is required to re-allege, within each individual claim, the specific conduct or acts that form the basis of that claim. Rather, Plaintiff's Complaint *as a whole* must put Defendants on notice as to the claims against them, and the grounds on which those claims rest, in order for Defendants to be able reasonably to respond. Defendants argue that because Plaintiff's Complaint contains allegations of multiple types of discrimination, each of which has different legal elements, it is impossible for Defendants to discern which alleged act or acts are intended to support Plaintiff's race discrimination claims, specifically.[2] The Court disagrees. Plaintiff's Complaint provides factual allegations sufficient to give Defendants fair notice of the grounds of Plaintiff's discrimination claims.

Although Defendants characterize their motion as also being a motion to dismiss under Rule 12(b)(6) for failure to state a claim, Defendants provide no specific argument to support

---

[2] To the extent Defendants also move to dismiss Plaintiff's 12th claim, the Court presumes Defendants also mean to argue that they cannot discern what act or acts go to Plaintiff's claim of age discrimination.

such a motion, other than to say that without specified factual bases for each claim, Plaintiff's claims are mere legal conclusions. Defendants do not provide the elements required for Plaintiff's claims, or any argument about why the numerous factual assertions Plaintiff makes fail to state a claim under those required elements. As such, the Court does not address Defendants' motion as a motion under Rule 12(b)(6).

Defendants also move in the alternative for an order requiring Plaintiff to make a more definite statement under Rule 12(e). A court may order a more definite statement if the pleading "is so vague or ambiguous that the [opposing] party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). As discussed, however, the Court disagrees with Defendants' assertion that Defendants cannot adequately respond to Plaintiff's complaint in its current form. Defendant's alternative motion for a more definite statement of Plaintiff's claims is therefore denied.

Plaintiff, in her response to Defendants' motion to dismiss, argues that the Court should award Plaintiff reasonable attorney's fees and costs associated with responding to Defendants' motion, which Plaintiff argues is frivolous and meritless. Plaintiff does not articulate the authority under which she asks the Court to award fees and costs. To the extent Plaintiff intends to move for sanctions under Rule 11, Plaintiff has not filed a separate motion, as required. *See* Fed. R. Civ. P. 11(c)(2). To the extent Plaintiff asks the Court to rely on its inherent power to sanction any party, *see Primus Automotive Financial Services, Inc. v. Batarse*, 115 F.3d 644 (9th Cir. 1997), Plaintiff's request is denied because the Court sees no evidence that Defendants acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.*at 648.

Defendants' motion to dismiss or for a more definite statement (ECF 12) is DENIED, and Plaintiff's request for attorney's fees and costs (ECF 15) is DENIED.

**IT IS SO ORDERED.**

DATED this 12th day of March, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge